# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4103

_____

| | | |
|---|---|---|
| Capitol Indemnity Corporation, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| West Fargo Plumbing & Heating, Inc., | * | of Minnesota. |
| Roger Arzt, and Carol Arzt, | * | |
| | * | |
| Defendants, and | * | |
| | * | |
| Joel Liebl and Lori Liebl, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  May 15, 1998

Filed:  June 4, 1998

_____

Before McMILLIAN, NOONAN,[1] and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

[1]The Honorable John T. Noonan, Jr., United States Circuit Judge for the Court of Appeals for the Ninth Circuit, sitting by designation.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Capitol Indemnity Corporation (Capitol) brought this action to foreclose a mortgage that Capitol maintains arose pursuant to a General Indemnity Agreement (GIA) that Roger and Carol Arzt executed in return for Capitol's undertaking to be a surety for the completion of certain construction projects. The real estate against which Capitol claims an encumbrance was previously owned by the Arzts, but sometime after the execution of the GIA they conveyed it to Joel and Lori Liebl. The Liebls did not register their warranty deed until after Capitol had registered the instruments that it asserts gave rise to a mortgage.

Capitol maintains that section 5 of the GIA created a mortgage in its favor. Under that provision, the Arzts assigned to Capitol, by way of security for the Arzts' undertakings, "all of their right, title, interest and estate in and to all of their property, real, personal or mixed ... in which [they] presently have, or may hereafter obtain, an interest." Under the Minnesota law that governs its Torrens registration system to which the relevant real estate was subject, this instrument could not have given rise to a lien (even as between the parties) until it was registered. See Minn. Stat. Ann. § 508.47, subd. 1.

The question that this case presents, then, is whether Capitol's mortgage rights, if any, are effective against the Liebls' land because the Liebls had not yet registered their deed when Capitol registered its instruments. The district court[2] granted summary judgment to the defendants, and Capitol appealed. We affirm.

---

[2]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

## I.

The district court, relying on Minn. Stat. Ann. § 508.25(6), ruled that Capitol's lien was no good against the Liebls. That provision states that a subsequent purchaser of land who properly registers an instrument and receives a certificate of title, takes the interest "free from all encumbrances and adverse claims" not noted on the certificate, with certain exceptions, the one relevant here being "the rights of any person in possession under deed ... from the owner of the certificate of title." Since the Liebls were in possession of the real estate when Capitol registered its instrument, the district court reasoned, Capitol could not prevail. We agree.

Capitol argues first that the statute does not apply to the facts of this case because it was not a "purchaser." It maintains that the statute on its face and by its plain terms applies only to purchasers in a narrow sense and not to mortgagees. Presumably it believes that if the statute does not apply to it, the common-law rule of first in time, first in right, would give its mortgage validity. We reject this argument.

In the first place, while it is true that the statute mentions only purchasers, cases from other jurisdictions are absolutely uniform in holding that the word "purchaser" in recording acts includes a mortgagee, even if those acts do not say so explicitly. See 4 American Law of Property § 17.10 at 560 (James Casner ed., 1952). It is true that the Minnesota statutes creating the Torrens registration system do not contain a definition of the word "purchaser," but it is also true that they do not contain a section devoted to definitions at all. The statutes relevant to the ordinary recording system, however, state that "[t]he word 'purchaser' ... embraces every person to whom any ... interest in real estate is conveyed," which would obviously include a mortgagee. See Minn. Stat. Ann. § 507.01.

We think that against this common-law and statutory background there can be no doubt that mortgagees come within the ambit of the statute. We can see no reason,

moreover, why a legislature might want to treat secured lenders differently from the way that it treats persons who are "purchasers" in a more limited, literal sense.

## II.

Capitol also asserts that the district court wrongly interpreted § 508.25(6). It argues that in In re Juran, 226 N.W. 201, 202 (Minn. 1929), the Minnesota Supreme Court held that under the Torrens Act "possession of registered land is not notice of any rights under an unregistered deed." Capitol correctly describes the holding in Juran, but § 508.25(6) was enacted two years after this decision, and no doubt in direct response to it. This provision specifically exempts interests whose owners have taken possession under a deed from a certificate holder from the general principle that allows purchasers to rely on the certificate and to cut off any interests that do not appear on the certificate. We see no merit in Capitol's argument to the contrary.

We are aware that the general principle that operates in a Torrens regime is that a prospective purchaser or lender may rely on a relevant registered certificate as a conclusive statement of the title to realty. See R. G. Patton, The Torrens System of Land Title Registration, 19 Minn. L. Rev. 519, 535 (1935). But the Minnesota legislature has seen fit to except certain situations from this principle, and among them is one that the record establishes was in existence in this case.

Capitol makes no claim that the Liebls had actual notice of Capitol's encumbrance before they purchased the property from the Arzts. Therefore, the Liebls' bona fides is not at issue here.

## III.

We therefore affirm the judgment of the district court.

-4-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.